UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERESITA GALAN, ) | |
| ) | |
| Plaintiff, ) | Case: 1:24-cv-04706 |
| ) | |
| v. ) | |
| ) | |
| AMAZON COM SERVICES, LLC, ) | |
| ) | Jury Trial Demanded |
| Defendant. ) | |
| ) | |

## COMPLAINT

Plaintiff, Teresita Galan ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Amazon COM Services, LLC ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") seeking redress for Defendants pregnancy-based discrimination and retaliation for engaging in a protected activity in violation of Title VII.

2. This lawsuit further arises under the Pregnant Workers Fairness Act of 2023, as amended, 42 U.S.C. §2000gg et seq. (PWFA) seeking redress for Defendant's failure to accommodate Plaintiff's pregnancy, and for Defendant's retaliation against Plaintiff for engaging in a protected activity under the PWFA.

### JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

4. Venue of this action properly lies in the Northern District of Illinois, Eastern

Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

5. All conditions precedent have been fulfilled or been complied with.

6. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

7. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

8. This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

9. At all times material to the allegations of this Complaint, Plaintiff, Teresita Galan, resided in Will County, Illinois.

10. At all times material to the allegations in this Complaint, Defendant, Amazon COM Services, LLC is a limited liability company doing business in and for Will County, Illinois, whose address is 4300 South Brandon Road, Elwood, Illinois 60421-5400.

11. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

12. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

## BACKGROUND FACTS

13. Plaintiff worked for Defendant as a Warehouse Associate from October 16, 2022,

until she was wrongfully terminated March 28, 2024.

14. Since at least January 2024, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class and has been subjected to a hostile work environment on the basis of sex, violating Title VII.

15. Plaintiff is female and pregnant and is a member of a protected class because of her sex whom Defendant subjected to different terms and conditions of employment than others not within her protected class.

16. In or around January 2024, Plaintiff returned from a leave related to flare-ups associated with Plaintiff's pregnancy.

17. When Plaintiff returned to work, her supervisor, Gladys (LNU), put Plaintiff on light duty.

18. On or about March 19, 2024, Plaintiff received a notice from Human Resources ("HR") to resubmit her accommodations relating to her pregnancy.

19. The accommodation entailed: lifting no more than twenty-five pounds and the ability to sit for fifteen minutes after every two hours.

20. After the notification from HR, Plaintiff was informed that she would not be able to attend work until the paperwork was submitted and approved.

21. On or about March 26, 2024, Plaintiff successfully entered her paperwork but the status kept reading as "pending."

22. On or about March 28, 2024, Plaintiff was informed of her termination.

23. Defendant's informed Plaintiff that she was responsible for "no call, no shows."

24. However, Plaintiff was acting under Defendant's direction that she was unable to

return to work until paperwork was submitted.

25. Therefore, forcing Plaintiff on leave until their requests were satisfied.

26. Plaintiff met or exceeded Defendant's performance expectations during the entire duration of her employment.

27. Defendant's reason for terminating Plaintiff was pretextual to avoid implementing Plaintiff's accommodations for her pregnancy.

28. Defendant failed to engage in the interactive process to determine an appropriate reasonable accommodation despite Plaintiff's submitted paperwork.

29. Defendant failed to accommodate Plaintiff's disability, despite Plaintiff's reasonable request for lifting no more than twenty-five pounds and the ability to sit for fifteen minutes after every two hours.

30. Plaintiff was unlawfully terminated because of her sex, (pregnancy) on March 28, 2024.

31. Plaintiff was retaliated against, and her employment was ultimately terminated for engaging in a protected activity as described above and exercising her protected rights.

32. Plaintiff was targeted for termination because of her sex and her pregnancy.

33. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

34. Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- because Plaintiff engaged in protected activity of requesting accommodations for her disability (Pregnancy related accommodations).

## COUNT I
### Violation of Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

35. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

36. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's sex, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

37. Plaintiff met or exceeded performance expectations.

38. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

39. Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex.

40. Plaintiff is a member of a protected class under Title VII, due to Plaintiff's sex.

41. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

42. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964
### (Retaliation)

43. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

44. Plaintiff is a member of a protected class under 42 U.S.C. §2000e, *et seq*.

45. During Plaintiff's employment with Defendant, Plaintiff reasonably requested accommodations in relation to her disability (pregnancy).

46. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.

5

§2000e, *et seq.*

47. In response to Plaintiff's request for accommodations, Defendant failed to engage in an interactive process to determine an appropriate reasonable accommodation for Plaintiff.

48. Plaintiff suffered adverse employment action in retaliation for engaging in a protected activity.

49. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's request for reasonable accommodations for her pregnancy, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

50. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

51. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## COUNT III
### Violation of the Pregnant Workers Fairness Act
### (Failure to Accommodate)

52. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

53. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability in violation of the Pregnant Workers Fairness Act of 2023, as amended, 42 U.S.C. §2000gg et seq.

54. Plaintiff is a qualified employee as defined by 42 U.S.C. 2000gg et seq.

55. Defendant was aware of the pregnancy and the need for accommodation.

56. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

57. Plaintiff's reasonable accommodations that were requested was not an undue burden on Defendant.

58. Defendant did not accommodate Plaintiff's pregnancy.

59. Plaintiff is a member of a protected class under Title VII, due to Plaintiff's sex (female) and pregnancy.

60. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

61. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT IV
### Violation of the Pregnant Workers Fairness Act
### (Retaliation)

62. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

63. Plaintiff is a member of a protected class under Title VII.

64. During Plaintiff's employment with Defendant, Plaintiff requested accommodations for her disability.

65. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Pregnant Workers Fairness Act of 2023, as amended, 42 U.S.C. §2000gg et seq.

66. In response to Plaintiff's need for accommodations, Defendant placed Plaintiff on leave until paperwork could be approved.

67. Defendant forced Plaintiff to take leave and then treated the missed days as absences.

68. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff requesting accommodations, thereby violating the Pregnant Workers Fairness Act of 2023, as amended, 42 U.S.C. §2000gg et seq.

69. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

70. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

71. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

    c. Compensatory and punitive damages;

    d. Reasonable attorneys' fees and costs;

    e. Award pre-judgment interest if applicable; and

    f. Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 6th day of June, 2024.

/s/ *Chad W. Eisenback*
**CHAD W. EISENBACK, ESQ.**
IL Bar No.: 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307 - 7632
Fax (630) 575 - 8188
ceisenback@sulaimanlaw.com
*Attorney for Plaintiff*